DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| S. DONALD SUSSMAN )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>PCGNY, CORP. AND KEMPER SYSTEM )<br>AMERICA, INC., )<br>)<br>**Defendants.** )<br>_____ ) | Civil Action No. 2013-0125 |

**Attorneys:**
**Mark Wilczynski, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

**Eric Scott Cohen, Esq.,**
New York, NY
**Kyle R. Waldner, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant PCGNY, Corp.*

**Maria Tankenson Hodge, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant Kemper System America, Inc.*

**ORDER**

THIS MATTER comes before the Court on Plaintiff's "Motion to Strike Defendant PCGNY Corp.'s Reply in Support of its Motion for Sanctions, or in the Alternative, for Leave to File Sur-Reply" (Dkt. No. 58); Plaintiff's "Notice of Withdrawal of Section I of Plaintiff's Motion to Strike Defendant PCGNY Corp.'s Reply in Support of its Motion for Sanctions" (Dkt. No. 63); and Defendant PCGNY Corp.'s "Opposition to Plaintiff's Motion for Leave to File Sur-Reply" (Dkt. No. 64). For the reasons discussed below, the Court will accept Plaintiff's withdrawal of his Motion to Strike Defendant PCGNY Corp.'s Reply in Support of its Motion

for Sanctions and will grant Plaintiff's Motion for Leave to File Sur-Reply.

On April 14, 2015, Defendant PCGNY Corp. ("PCGNY") filed a "Motion for Sanctions," in which it moves the Court for an award of fees and costs incurred as a result of alleged discovery misconduct by Plaintiff. (Dkt. No. 53). Plaintiff filed an Opposition to Defendant PCGNY's Motion on April 28, 2015 (Dkt. No. 54), and on May 15, 2015, Defendant PCGNY filed a Reply (Dkt. No. 56). Two weeks later, on May 29, 2015, Plaintiff filed the instant Motion for Leave to File Sur-Reply, wherein he argues that Defendant PCGNY raises new arguments in its Reply not initially raised in its Motion for Sanctions, and that Defendant PCGNY attaches to its Reply documents not previously disclosed. (Dkt. No. 58 at 2-3).[1] Plaintiff asserts that he is entitled to respond to these new arguments and evidence in a sur-reply. (*See id.* at 3).[2]

Defendant PCGNY has filed an Opposition to Plaintiff's Motion for Leave to File Sur-Reply, contending that its Reply does not raise new arguments but rather develops the arguments advanced in its Motion for Sanctions and properly addresses the arguments raised in Plaintiff's Opposition. (Dkt. No. 64). To the extent the Court grants Plaintiff leave to file a sur-reply, Defendant PCGNY requests leave of the Court to file a response to the sur-reply (or, in the words of Defendant PCGNY, "a sur-sur-reply"). (Dkt. No. 64 at 1, 4).[3]

Under Local Rule of Civil Procedure 7.1(a), "[o]nly a motion, a response in opposition,

---

[1] Plaintiff's Motion for Leave to File Sur-Reply also included a Motion to Strike Defendant PCGNY's Reply. (*See* Dkt. No. 58). However, the Motion to Strike was subsequently withdrawn (*see* Dkt. No. 63), and the Court accepts the withdrawal herein. Therefore, the Court will limit its discussion of Plaintiff's Motion accordingly.

[2] The proposed sur-reply is attached as an exhibit to Plaintiff's Motion for Leave to File. (Dkt. No. 58-1 at 1-15).

[3] In its Opposition, Defendant PCGNY argues that Plaintiff's proposed sur-reply should be "stricken from the docket." (Dkt. No. 64 at 2). In light of the Court's ruling herein, the Court will not strike Plaintiff's proposed sur-reply from the record. However, the Court notes that Local Rule of Civil Procedure 7.1(a) provides that "[o]nly a motion, a response in opposition, and a reply may be served on counsel and filed with the Court; further response or reply may be made only by leave of Court obtained *before filing*[.]" LRCi 7.1(a) (emphasis added). Local Rule 7.1(a) thus requires leave of the Court before a sur-reply, proposed or otherwise, may be filed. *Cf. Carlins v. Bd. of Dirs. of Gallows Point Condo. Corp.*, 2004 U.S. Dist. LEXIS 27357, at *5 (D.V.I. Nov. 29, 2004) (stating that "the non-movant is neither required nor prohibited from attaching her proposed sur-reply to her motion for leave to file it").

and a reply may be served on counsel and filed with the Court; further response or reply may be made only by leave of Court obtained before filing[.]" LRCi 7.1(a). Generally, sur-replies are disfavored. *See, e.g.*, *Queensridge Towers LLC v. Allianz Global Risks US Ins. Co.*, 2015 U.S. Dist. LEXIS 38689, at *5 (D. Nev. Mar. 26, 2015); *Agelli v. Sebelius*, 2014 U.S. Dist. LEXIS 11474, at *37 (D. Md. Jan. 30, 2014) (citation omitted). However, "[i]t is appropriate to grant a sur-reply to allow the non-moving party the opportunity to respond to arguments raised for the first time in the movant's reply." *Amlin Underwriting, Ltd. v. Caribbean Auto Mart of St. Croix, Inc.*, 2010 U.S. Dist. LEXIS 102609, at *4 (D.V.I. Sept. 28, 2010) (citing *Carlins v. Bd. of Dirs. of Gallows Point Condo. Corp.*, 2004 U.S. Dist. LEXIS 27357, at *4-5 (D.V.I. Nov. 29, 2004)); *see also Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003) (finding the district court properly allowed the plaintiff to file a sur-reply where the defendant raised an issue for the first time in its reply brief).

Upon review of Defendant PCGNY's Reply, the Court finds that the documentary evidence attached to Defendant PCGNY's Reply, and the arguments stemming therefrom, were not originally included in Defendant PCGNY's Motion for Sanctions and, as a result, Plaintiff did not have an opportunity to address them in his Opposition. Accordingly, the Court will grant Plaintiff's Motion for Leave to File Sur-Reply, and accept Plaintiff's proposed sur-reply as filed. The Court will further grant Defendant PCGNY leave to file a response to Plaintiff's sur-reply.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Plaintiff's "Notice of Withdrawal of Section I of Plaintiff's Motion to Strike Defendant PCGNY Corp.'s Reply in Support of its Motion for Sanctions" (Dkt. No. 63) is **ACCEPTED**; and it is further

**ORDERED** that Plaintiff's Motion to Strike Defendant PCGNY Corp.'s Reply in

Support of its Motion for Sanctions (Dkt. No. 58 at 1-2) is **WITHDRAWN**; and it is further

ORDERED that Plaintiff's Motion for Leave to File Sur-Reply (Dkt. No. 58 at 2-3) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's proposed sur-reply (Dkt. No. 58-1) is **ACCEPTED**; and it is further

**ORDERED** that Defendant PCGNY shall have up to and including **November 30, 2015** within which to file a response to Plaintiff's sur-reply.

**SO ORDERED**.

Date: November 13, 2015                                      _____/s/_____
                                                             WILMA A. LEWIS
                                                             Chief Judge